[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff David Peidl appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The essential facts are not in dispute. On August 1, 1996, Sergeant Charles Smedick of the Plainville Police Department stopped the plaintiff while he was driving his CT Page 1184 vehicle on Route 10 in Plainville and arrested him on a charge of driving while under the influence of alcohol in violation of General Statutes § 14-227a. The police took the plaintiff first to the Plainville police station, and then Corporal Paul Shanahan of the Plainville police transported him to the Southington police station. The reason for this trip was that Plainville's breath testing machine was not operable. At Southington, Corporal Shanahan administered two tests, which showed alcohol levels of .259 and .243, respectively.
After an administrative hearing, based on the facts summarized above, the commissioner suspended the plaintiff's license. In his brief, the plaintiff advances a number of arguments in support of his appeal, which the court will address separately below.
1. Advisement of Rights
The plaintiff argues that the police failed to read the plaintiff the "Implied Consent Advisory" at the Southington police station and thereby deprived him of the opportunity to make an informed choice whether or not to submit to the test. This argument is without merit. The plaintiff submitted to the test as required by law, and, in any event, such a miscue by the police, if it was one, is not a basis for overturning the hearing officer's decision. See Volck v. Muzio, 204 Conn. 507 (1987).
2. Jurisdiction of Corporal Shanahan
The plaintiff argues that the jurisdiction of a police officer to administer breath tests is restricted to the police station in the town where the officer is employed. At oral argument on appeal, he cited Regs. Conn. State Agencies § 14-227a-10 in support of this contention.
The section of the regulation cited by the plaintiff, § 14-227a-10 (c)(1)(s), was renumbered effective December 30, 1993, as § 14-227a-10 (d)(1)(B). It provides in its entirety, "An operator's certificate shall be valid for twelve (12) months from the effective date of the certificate." That provision clearly does not support the plaintiff's argument. CT Page 1185
The plaintiff's argument is apparently based on the regulation in effect prior to the December 1993 revision. That contained the following: "The certificate is valid only while the operator is with the particular law enforcement agency for which certification was originally issued." Section 14-227a-10 (d) of the regulations, pertaining to qualifications of machine operators, no longer contains the quoted provision. The only comparable requirement in the present regulation is that the operator belong to some law enforcement agency, and it is undisputed that Corporal Shanahan complied with that requirement. Even the former language does not help the plaintiff's cause, however. In the present case, Corporal Shanahan is still a member of the same law enforcement agency as when he received his certification, the Plainville Police Department. Even under the old regulation, therefore, his certification was valid for use by him in Southington.
At oral argument, the plaintiff raised the issue of extra-territorial gathering of evidence by a police officer who was not the arresting officer, citing Statev. Stevens, 26 Conn. App. 805 (1992). That issue was not briefed and not, therefore, properly before the court.Collins v. Goldberg, 28 Conn. 733, 738 (1992). In any case, however, State v. Stevens is inapposite. There is nothing in that case to indicate that a hearing officer in an administrative hearing conducted pursuant to General Statutes § 14-227b may not consider evidence of breath tests administered by a certified operator merely because the operator is a municipal police officer acting outside his own municipality.
Timing of Breath Tests
The plaintiff claims that the breath tests were not administered at least thirty minutes apart as required by General Statutes § 14-227a(c)(5). It is not clear what is the basis of this claim. The tapes generated by the machine indicate that the first test was administered to the plaintiff at 1:18 A.M. and the second test was administered to him at 1:50 A.M. That is thirty-two minutes apart. The same times are recorded in Shanahan's report. The plaintiff's argument in this regard may not CT Page 1186 be sustained.
The appeal is dismissed.
MALONEY, J.